

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 9, 1959

Mr. Jesse L. Nickerson
County Attorney
Camp County
Pittsburg, Texas

Opinion No. WW-712

Re: Amount of additional
vehicle registration
fee due upon corrected
weight when affidavit
is submitted that ve-
hicle has not been used
upon highways prior to
paying additional fee.

Dear Mr. Nickerson:

On July 20, 1959, you requested an opinion of this
Office based upon the following situation:

"On or about March 20, 1959, a taxpayer
registered, for the year 1959, a certain truck
designated as a two ton Chevrolet Dump Truck.
Registration was issued and the Tax Collector,
in copying pertinent data from the preceding
year's registration slip, showed the 1959 re-
gistration as empty weight as 6,500 lbs and
the pay-load weight as 2,000 lbs.

"At a later date, the Motor Vehicle Department
advised the Tax Collector that a correction must
be made showing the empty weight as 7,000 lbs.
and pay-load weight as 4,000 lbs., so that the
figures would coincide with the manufacturer's
specifications. However, the letter indicated
in lieu thereof a slip showing the <u>actual</u> weight
could be presented by the truck owner, provided
the weights be made by a bonded weigher.

"On or about July 6, 1959, the truck owner
approached the Tax Collector and attempted to
follow the instructions of the letter issued by the
Motor Vehicle Department and, <u>at the same time,</u>
<u>giving a properly executed affidavit stating that</u>
<u>the truck involved had not been used during the</u>
<u>current registration period--from the beginning</u>
<u>of the current year to the date of July 6, 1959.</u>
The Tax Assessor in turn advised the taxpayer
that it would be necessary for him to pay the
<u>full year's difference</u> between the original in-

correct registration and to correct re-
gistration increasing the empty weight
from 6,500 lbs. to 7,000 lbs., and the pay-
load weight from 2,000 lbs. to 4,000 lbs.,
rather than paying 9/12ths of the current year's
registration fee in the correct amount.

"In view of R.C.S. 6675A-4, should a
taxpayer be required to pay a full year's
registration fee on an increase of weight
to correct an incorrect registration issued
at the beginning of the current year, when
an Affidavit, properly executed, has been
submitted by the taxpayer to the Tax Collector,
stating that the vehicle has not been used on
the roads and highways of the State, during
the current year?"

As far as we can determine, there is no case law on
this point, nor have there been any previous opinions of this
Office construing Art. 6675a-4, V.C.S., which reads as follows:

"Each application filed hereunder for re-
gistration or for chauffeur's license during
April shall be accompanied by the full amount
of the annual fee if the vehicle was operated
on the public highways or streets during any
part of April of that year, each application
for re-registration filed during May or any
subsequent month of that motor vehicle re-
registration year, shall be accompanied by
affidavit that such vehicle has not been pre-
viously operated upon the highways of this
State during any portion of the current year
and shall be accompanied by eleven-twelfths,
ten-twelfths, nine-twelfths, eight-twelfths,
seven-twelfths, six-twelfths, five-twelfths,
four-twelfths, three twelfths, two-twelfths,
or one-twelfth respectively of the annual fee.
This section shall be in force beginning with
the Motor Registration year 1934 and all suc-
ceeding years.  Acts 1929, 41st Leg., 2nd C.S.,
p. 172, ch. 88, § 4; Acts 1934, 43rd Leg., 2nd
C.S., p. 5, ch. 3, § 2."

(The "current year" for registration purposes is April
1st to March 31st, both inclusive.  Art. 6675a-3, V.C.S.)

From the emphasized portion of Art. 6675a-4, it is
apparent that the "full amount of the annual fee" is due only

"if the vehicle was operated on the public highways or streets during any part of April of that year." Although the registration fee in this case was paid for the full year (under an erroneous weight classification) the taxpayer swears that the vehicle was not operated on the public highways prior to July 6. Therefore, he would have been perfectly within his rights to have waited until that date to register it. Since the original registration was defective, we should consider July 6 as the effective date of registration. On that date, 9/12 of the annual fee would have been due; therefore, only 9/12 of the difference between the original incorrect fee and the correct amount should be collected.

SUMMARY

Where taxpayer registered a motor vehicle on March 20, 1959, and it was thereafter determined that the registered weight of the vehicle was incorrectly stated, causing an additional registration fee to be due thereon; and where the taxpayer submitted an affidavit, as provided under Art. 6675a-4, that the vehicle had not **been** used on the public highways prior to July 6, 1959, the additional fee due on that date would be 9/12 of the difference between the original incorrect registration fee and the corrected fee.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _James R. Irion_
James R. Irion
Assistant

JRI:cm

APPROVED:

OPINION COMMITTEE:
Geo. P. Blackburn, Chairman

Gordon C. Cass
Wallace Finfrock
Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY GENERAL
By: W. V. GEPPERT